```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

|  |  |
|---|---|
| RAND-WHITNEY CONTAINERBOARD LIMITED PARTNERSHIP,  PLAINTIFF | : : : : |
| V. | : CIV. NO. 3:96CV413 (HBF) |
| TOWN OF MONTVILLE and TOWN OF MONTVILLE WATER POLLUTION CONTROL AUTHORITY  DEFENDANTS | : : : : : |

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S CLAIM FOR DAMAGES**

I.  BACKGROUND[1]

This action concerns a dispute over agreements entered into by the plaintiff, Rand-Whitney Containerboard, and the defendants, the Town of Montville (the "Town") and the Town of Montville Water Pollution Control Authority (the "Authority"), to operate a manufacturing plant in the Town of Montville. The case was tried to a jury from July 15, 2002 to August 9, 2002. The jury found that plaintiff breached the covenant of good faith and fair dealing implied in the negotiations leading up to the parties' entry into the Second Amended Wastewater Supply Agreement and Second Amended Wastewater Treatment Agreement on June 29, 1993 ("the 1993 Agreements"). The jury also found in favor of the Town on its fraud defense to liability, and thus did

---

[1]The court denied the motion prior to trial, with a written opinion to follow. This is that opinion.

not make any factual findings on plaintiff's claimed damages. The Court thereafter set aside the jury's verdict on the fraud defense, finding no evidence that the Town relied on any Rand-Whitney representation regarding the characteristics of the new mill's effluent. See Ruling on Plaintiff's Motion for Judgment, Or, the the Alternative, for a New Trial (September 30, 2003). As a result, the issue of plaintiff's damages must be retried to a second jury.

Defendants argue that, as a matter of law, the Court should deny Rand-Whitney any damages for the Town's breach of the 1993 Agreements, in light of the jury's finding that Rand-Whitney breached the covenant of good faith and fair dealing during the negotiation of the contracts, and the absence of any issues of material fact as to the materiality of plaintiff's breach. Plaintiff objected to filing a formal opposition, arguing that defendants' motion was an improper attempt to raise a defense based on the covenent claim that the Court had previously dismissed.

The Court addressed the motion in an order dated February 25, 2005.  In the Order, the Court noted that defendants were not precluded from arguing that the plaintiff's bad faith should itself be considered a material breach of the 1993 Amended Agreements, but found several problems with defendants' proposed motion, and denied them leave to file the motion without

prejudice to renewal if defendants could address the issues raised by the Court.  The Court found that, "[i]n order for the Court to determine, as a matter of law, what impact plaintiff's breach of the covenant of good faith and fair dealing may have on the substantive contract, if any, there must be undisputed facts about which actions constituted plaintiff's bad faith." Order (February 25, 2005), at 4.  The Court further found that, "[i]n order to prevail on the present motion, defendants must also show that the alleged breach of contract was material.  That is, defendants must show that, had they been provided with the withheld information, they would have acted upon it. Defendants have not met this burden on the present record." Id. at 5.

Defendants filed a proposed revised motion on March 16, 2005.  The Court instructed plaintiff, rather than filing an opposition to the motion, to address two issues of law -  first, whether, if defendants proved reliance, there exists any authority for the proposition that a breach of covenant of good faith and fair dealing constitutes a material breach of the contract, and second, if so, the appropriate measure of damages.

The Court granted defendants leave to file the proposed motion *nunc pro tunc*.  For the reasons discussed below, the Court DENIES defendants' motion for summary judgement as to plaintiff's claim for damages [dkt. # 353.]

II.  STANDARD OF LAW

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000).  A court must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . .'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Fed. R. Civ. P. 56(c)). A dispute regarding a material fact is genuine if "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Konikoff v. Prudential Ins. Co., 234 F.3d 92, 97 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 248).  Disputed issues of fact are not material if the moving party would be entitled to judgment as a matter of law even if the disputed issues were resolved in favor of the non-moving party.  Such disputed factual issues, however genuine, will not preclude summary judgment.  See Anderson, 477 U.S. at 248.  On a motion for summary judgment, the court resolves "all ambiguities and draw(s) all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Alrich v. Randolph Cent. Sch.

Dist., 963 F.2d 520, 523 (2d Cir. 1992).  If the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

III.  DISCUSSION

The Town argues that plaintiff's non-disclosure of material information during the negotiation of the 1993 Agreements precludes recovery for damages allegedly incurred from the Town's breach, and relieves the Town from further performance under the contract.  Defendants assert that, had the Town been provided with the withheld information, it would not have entered into the 1993 Agreements without terms addressing the potential problems.  Defendants argue that the Court should find, as a matter of law, that plaintiff's breach of the covenant of good faith and fair dealing was a material breach of the 1993 Agreements.

Defendants concede that the Connecticut Supreme Court has not expressly articulated that a breach of the covenant of good faith and fair dealing necessarily constitutes a material breach of the substantive contract. Nonetheless, defendants contend that it is reasonable to infer from related case law that such a breach should be considered a material breach if it satisfies factors enumerated in Bernstein v. Nemeyer, 213 Conn. 665, 672

n.8 (1990).[2]

Because there was no jury finding on the materiality of plaintiff's breach of the covenant of good faith and fair dealing, in order to prevail on summary judgment, defendants must identify undisputed facts about which conduct constituted plaintiff's bad faith. Defendants have not met this burden. Instead, defendants cite a litany of facts from the first trial which they assert demonstrates the materiality of the plaintiff's breach of the covenant. On the reliance issue, defendants argue that:

> Mr. Bowen testified that he attempted to verify, in any way he knew how, the Plaintiff's representations regarding BOD and TSS in the effluent (citations omitted). This demonstrates the fact that he relied on the information he did receive from Rand-Whitney (citations omitted). He did not, however, investigate the level of TDS because the

---

[2] "Section 241 of the Restatement (Second) of Contracts provides: 'In determining whether a failure to render or to offer performance is material, the following circumstances are significant:
(a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;
(b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;
(c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;
(d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;
(e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.'" Bernstein v. Nemeyer, 213 Conn. 665, 672 n.8 (1990).

> Plaintiff had never raised it as an issue (citations omitted). The undisputed conclusion that this evidence supports is that had Rand-Whitney disclosed the high levels of TDS and its effect on the ability to recycle Rand-Whitney's discharge, Mr. Bowen would have investigated these issues to verify that the Town would be able to comply.

Def.'s Motion at 16 17.

To buttress this argument, defendants also submit new evidence, in the form of affidavits, and argue that, if Rand-Whitney had "disclosed its knowledge of the actual expected nature of [its] effluent, the Town would not have entered into the Agreements as written." Def.'s Mem. at 20 (citing Affidavit of the Honorable Barbara Quinn ¶¶ 6, 10; Affidavit of Michael Hillsberg ¶¶ 13-15).

Defendants' interpretation of the facts mischaracterizes the testimony at trial and ignores the Court's September 30, 2003 ruling on this issue. The testimony at trial indicated that, even if defendants had known about TDS, Tom Bowen had always planned for segregation, and was therefore not concerned about levels of TDS in the effluent. See Ruling on Plaintiff's Motion for Judgment, Or, the the Alternative, for a New Trial (September 30, 2003), at 14-26. The Court exhaustively scrutinized the trial record and concluded that:

> there was no evidence produced at trial that defendants relied on any Rand-Whitney representation regarding the characteristics of the new mill's effluent. Although Tom Bowen was the only person in a position to

7

> rely (in making his recommendation to town
> decision-makers), there is no evidence that
> he considered, let alone believed, any Rand-
> Whitney statement about TDS in the new mill
> effluent or that he depended on the truth of
> any such statement in recommending that the
> town enter the Supply Agreement. On contrary,
> there is direct evidence, his testimony, that
> he did <u>not</u> rely.

<u>Id.</u> at 25-26.

Defendants' argument must therefore fail because they cannot show that they relied on plaintiff's representations, and would not have entered into 1993 Agreements had they known about the TDS levels in Rand-Whitney's effluent. Defendants cannot circumvent the Court's ruling and create undisputed facts on this issue, post-trial, by submitting new evidence that was not presented to the first jury and is outside the trial record.

Even if defendants were able to establish reliance, the relief sought by defendants is unavailable. Defendants seek to be relieved of responsibility to pay any damages for their breach of the Supply Agreement, and seek to be relieved from further performance under the contract. The court agrees with plaintiff that this request is for the remedy of rescission, which is a remedy that defendants have never pled, and abandoned when they chose to seek damages early on in the litigation. Ruling on Plaintiff's Motion for Summary Judgment on All Defendants'

8

Remaining Damages (April 24, 2005), at 13-14.[3]

IV. CONCLUSION

For the reasons discussed above, defendants' motion for summary judgment on plaintiff's damages [dkt. # 353] is DENIED.

This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge [dkt. # 20] on July 30, 1996, with appeal to the Court of Appeals.

SO ORDERED at Bridgeport this 11th day of August 2005.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

---

[3] See Mainfolfi v. Brazee, 135 Conn. 435, 436 (1949)("rescission as a defense . . . should have been specially pleaded"); Travel Center of Fairfield County Inc v. Royal Cruise Lines Ltd., 154 F.Supp.2d 281, 288 (D.Conn. 2001)("Rescission as a defense must be specially pleaded as a defense in Connecticut"). Under Connecticut law, the remedy of rescission and restitution is an alternative to damages in an action for breach of contract. Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 299 (1984). By seeking to recover damages as a remedy for the breach of the covenant, the defendants waived any claim for rescission of the contracts. See Gannett Co. v. Register Pub. Co., 428 F.Supp. 818, 825 (citing 1B Moore's Federal Practice para 0.405[7] ("an election of the substantive right to affirm extinguishes the substantive right to disaffirm. And so an attempt to invoke the remedy of rescission after an action on the contract may fail...because the plaintiff no longer has the substantive right to disaffirm.").

9

10