```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                        :
RAND-WHITNEY CONTAINERBOARD             :
LIMITED PARTNERSHIP,                    :
          PLAINTIFF                     :
                                        :
     V.                                 :  CIV. NO. 3:96CV413 (HBF)
                                        :
TOWN OF MONTVILLE and TOWN OF           :
MONTVILLE WATER POLLUTION               :
CONTROL AUTHORITY                       :
          DEFENDANTS                    :
```

## RULING ON MOTION FOR PROTECTIVE ORDER AND MOTION TO SEAL

On July 26, 2002, plaintiff, Rand-Whitney, filed a Motion for a Protective Order and to Seal relating to fee records which it anticipates filing in support of its indemnification claim. [Doc. #468]. Plaintiff does not move to have all the information relating to the indemnity issue become subject to the protective and sealing order. Plf.'s Mem. at 7. Specifically, plaintiff seeks protection only for records which contain "significant detail regarding counsel's work product." Plf.'s Mem. at 1. On August 16, 2005, defendants objected to this motion on the basis that the information described is not entitled to such protection.[1] [Doc. #491].

---

[1] Defendants also claim that, even if the records were protected by attorney-client privilege and/or work product, plaintiff has waived such rights by submitting a fee application and placing the communications "at issue". Def.s' Mem. at 5-6. This line of reasoning is incorrect. First, plaintiff bears the burden of substantiating its fee application. In attempting to meet such burden, plaintiff does not have to submit all underlying documentation. As discussed below, plaintiff can submit summaries or redacted versions of its billing material. Second, a court has the discretion to protect confidentiality by limiting uses of disclosed evidence. Vollert v. Summa Corp., 389

A "court is given broad discretion regarding whether to issue a protective order." LaPlante v. Estano, 228 F.R.D. 115, 116 (D. Conn. 2005). The party seeking a protective order carries the burden to show that "good cause" exists for issuance of such order. Penthouse Int'l, Ltd. v. Playboy Enterprises, 663 F.2d 371, 391 (2d Cir. 1981).

As a general rule, the client name, the billing rate, and the number of hours expended in a case are not protected attorney-client or work product information. Sony Corp. of Am. v. Soundview Corp. of Am., 2001 U.S. Dist. LEXIS 23220, *14-15 (D. Conn. 2001), (citing In re Grand Jury Subpoena Duces Tecum Served Upon Shargel), 742 F.2d 61, 62 (2d Cir. 1984). However, the privilege does extend if the fee documents "also reveal the motive of the client in seeking representation, litigation

---

F. Supp. 1348 (D. Haw. 1975). Lastly, defendant has failed to meet the factors constituting the "at issue" exception to the work product doctrine. As noted in the case of Walsh v. Seaboard Surety Co., 184 F.R.D. 494, 496 (D. Conn. 1999), the factors can be summarized as follows:

> "1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense."

Id. (citations omitted). Even if the court were to view plaintiff's motion for attorney's fees and costs as some affirmative act by plaintiff placing privileged information at issue, the defendants have failed to prove that application of the privilege denies them of vital defenses. In fact, plaintiff could summarize or redact the information it intends to provide, and defendants would still have the opportunity to provide an objection and defense.

strategy, or the specific nature of the services provided, such as researching a specific area of law." Id. at 15, (citing Riddell Sports, Inc. v. Brooks, 158 F.R.D. 555, 560 (S.D.N.Y. 1994)).

In such cases, a party is allowed to redact the privileged information or submit the attorney fee application records in summary form. Creative Resources Group of N.J. v. Create Resources Group and Alan Bart, 212 F.R.D. 94, 104 (E.D.N.Y. 2002) (summary of relevant fees and costs allowed in lieu of privileged material) and BG Real Estate Serv., Inc. v. American Equity Ins. Co., No. 04-3408, 2005 WL 1309048, at *7 (E.D. La. 2005) ("descriptive entries" on an attorney's bill may be redacted if it reveals privileged communications).

Here, plaintiff could certainly redact or summarize any attorney-client or work product information contained in its fee records and documentation prior to providing said information to the court and defense counsel. Plaintiff does not seek to do so. In lieu of redacting or summarizing, plaintiff seeks to provide said information to defense counsel for "their eyes only" and for the limited purpose of reviewing plaintiff's fee application. With the benefit of this information, defendants will have the opportunity to review more information regarding plaintiff's fee application, which will undoubtedly assist the defendants in assessing which challenges, if any, will be made. Additionally, having access to this information can potentially avoid future litigation regarding the completeness of plaintiff's fee

application.  Limiting the use of the disclosed material to the evaluation of the fee application will protect plaintiff against collateral use by defendants should they be successful in any appeals they intend to take in the future.

Plaintiff's motion for a protective order and to seal, pursuant to Federal Rule of Civil Procedure 26(c), is GRANTED and it is hereby ORDERED:

1.   This Protective Order shall apply to all information and documents subject to attorneys' fees, bills, and time records that contain descriptions, strategies, or the like, for the work that counsel has performed for, and the confidential billing rates charged to, their respective clients.

2.   The producing party or nonparty ("producing person") shall label or mark documents and things that it deems to be CONFIDENTIAL MATERIALS with the legend **"Confidential - Attorneys Only, Disclosure Limited by Court Order in RWC v. Montville, et al., 96CV413 (HBF)".**  Such documents are referred to herein as "CONFIDENTIAL MATERIALS" unless a distinction is indicated.  By designating information, documents, or things as **Confidential -- Attorneys Only**, counsel is representing that counsel, in good faith, believes that the designated item comes within the scope of CONFIDENTIAL MATERIALS as that term is defined in ¶ 1 of this Order.

3.   CONFIDENTIAL MATERIALS shall be used solely for the purpose of pursuing and contesting the application for

indemnification which will be submitted by plaintiff in this litigation, and not for any other purpose.

        4.   Access to CONFIDENTIAL MATERIALS and their dissemination shall be limited to the following, unless and until this Court rules that there may be further disclosure:

        (a)   counsel of record for the respective parties to this litigation: attorneys of Robinson & Cole LLP; Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.; and Bingham McCutchen LLP; and employees in those law firms whose functions require access to CONFIDENTIAL MATERIALS;

        (b)   non-party experts, independent consultants, or agents engaged by counsel or the parties to assist in connection with plaintiff's application for indemnification, provided that each non-party expert, independent consultant, and/or agent has the need to learn the content of such CONFIDENTIAL MATERIALS and has signed an undertaking in the form of Exhibit A before being provided with CONFIDENTIAL MATERIAL protected by this Protective Order.

        (c)   any other person as to whom the parties first agree in writing and who signs an undertaking in the form of Exhibit A before being provided with discovery materials protected by this Protective Order.

        These restrictions may be altered or supplemented only by written stipulation between the parties filed with and approved by the Court or by order of the Court on motion.

5. Nothing in this Protective Order shall bar or otherwise restrict any counsel from rendering advice to his client with respect to this action, and, in the course of doing so, from relying in a general way upon his examination of CONFIDENTIAL MATERIALS.  However, in rendering advice, and in otherwise communicating with his client, counsel shall not disclose the contents of any CONFIDENTIAL MATERIALS.

6. Any CONFIDENTIAL MATERIALS filed with the Court shall be provided to the Clerk of the Court in sealed envelopes prominently marked with the caption of the case and the following notice:

> THIS ENVELOPE CONTAINS CONFIDENTIAL DOCUMENTS SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED OR ITS CONTENTS DISPLAYED OR REVEALED EXCEPT AS DIRECTED BY THE COURT.

The Clerk of the Court is directed to maintain the confidentiality of any documents filed under this provision. Where possible, only CONFIDENTIAL portions of the filings with the Court shall be under seal.

7. For purposes of this Protective Order, "interested person" means anyone whose CONFIDENTIAL MATERIALS have been produced in this litigation.  If, at any court proceeding, a party intends to offer into evidence any CONFIDENTIAL MATERIAL, reasonable advance notice shall be given so that any interested persons may take whatever steps they deem appropriate to preserve the materials' confidentiality.

8.   In accepting information, documents or things designated as CONFIDENTIAL MATERIALS, a party is not admitting or conceding in any way that the designation is in fact merited or appropriate.  Any party may challenge a CONFIDENTIAL designation by detailing, in writing, to the producing person those portions of the information, documents and things challenged as improperly designated and, after conferring in good faith with opposing counsel, move this Court for an order excluding the challenged information, documents or things from the protection for which the producing person has designated them.

Any designated information, documents or things as to which a challenge is filed shall be protected under this Order until the motion is determined and, if the motion is denied, for as long as the order denying the motion remains in effect. However, this Order does not alter any burden of proof that would otherwise apply in determining whether the subject information, documents or things are within the scope of Fed. R. Civ. P. 26(c)(7), if a challenge is filed.

9.   This Protective Order shall not prevent or prejudice any party from applying to the Court for appropriate relief, for further or additional protective orders, or from agreeing with the other party to a modification of the Protective Order, subject to the approval of this Court.

10.  Within sixty (60) days after final termination of this litigation, either by settlement, by expiration of the time to appeal, or after issuance of the appellate mandate after an

appeal, receiving counsel of record shall either certify destruction of all CONFIDENTIAL MATERIALS including all copies, abstracts, or summaries, and documents containing information taken from confidential materials (but excluding any materials which in the judgment of receiving counsel are his work product) or return them to the producing person. However, one counsel of record for each party may retain one copy of all CONFIDENTIAL MATERIALS, solely for reference in the event of a dispute over the use or dissemination of information subject to the terms of this Order or over compliance with the final judgment.  The retaining counsel of record shall secure and maintain restricted access to these CONFIDENTIAL MATERIALS.

      11.  The United States District Court for the District of Connecticut retains jurisdiction of all matters arising under this Protective Order.


    SO ORDERED and entered this 3rd day of November, 2005, at Bridgeport, Connecticut.


                                              _____/s/_____
                                              HOLLY B. FITZSIMMONS
                                              UNITED STATES MAGISTRATE JUDGE

<u>Exhibit A</u>

```
            UNITED STATES DISTRICT COURT
              DISTRICT OF CONNECTICUT


RAND-WHITNEY CONTAINERBOARD    :
LIMITED PARTNERSHIP,           :
         PLAINTIFF             :
                               :
      V.                       :   CIV. NO. 3:96CV413 (HBF)
                               :
TOWN OF MONTVILLE and TOWN OF  :
MONTVILLE WATER POLLUTION      :
CONTROL AUTHORITY              :
         DEFENDANTS            :
```

<u>CONSENT TO BE BOUND BY PROTECTIVE ORDER</u>

_____By my signature below, I certify that I have been given a copy of and read the Protective Order in this action; that I agree to be bound by it; and that I voluntarily submit to the personal jurisdiction of the United States District Court for the District of Connecticut for purposes of the enforcement of the above-specified Protective Order, including the imposition of any sanctions for contempt of court if I violate the terms of the Protective Order.

Dated:_____    _____
                                   [Signature]


                                   _____
                                   [Printed Name]


     Subscribed and sworn to before me this \_\_\_\_ day of
_____, 2005.


                                   _____
                                   Notary Public